IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 2 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-02272-BNB

KELLY REDDING,

Applicant,

v.

J. M. WILNER, Warden, FCI - Florence,

Respondent.

---

ORDER OF DISMISSAL

---

Applicant, Kelly Redding, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado (FCI-Florence). Mr. Redding initiated this action by filing ***pro se*** an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and an attached, supporting brief. He has been granted leave to proceed ***in forma pauperis*** pursuant to 28 U.S.C. § 1915.

On November 7, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and to address the affirmative defense of exhaustion of administrative remedies. On November 25, 2008, Respondent filed a preliminary response. Applicant has failed to file a reply, despite being given the opportunity to do so.

The Court must construe Mr. Redding's application liberally because he is a ***pro se*** litigant. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a ***pro se*** litigant's advocate. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Redding currently is serving a forty-two-month sentence for conspiring to import fifty kilograms or more of marijuana, to be followed by three years of supervised release. His projected release date, via good-conduct-time release, is November 2, 2010. He has been determined to be eligible to participate in the BOP's residential drug and alcohol treatment program, has been placed on the waiting list to enroll in the program, and is eligible for early release pursuant to 18 U.S.C. § 3621(e) for successful participation in the program. Title 18 U.S.C. § 3621(e)(2)(B) provides that the BOP may grant a sentence reduction of up to one year to inmates convicted of nonviolent offenses who successfully complete a substance abuse treatment program. As relief, Mr. Redding asks to be enrolled immediately in the next program at FCI-Florence beginning November 2008, and to reduce his term of supervised release to compensate him for the loss of the one-year sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B).

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. ***See Williams v. O'Brien***, 792 F.2d 986, 987 (10th Cir. 1986); ***see also Montez v. McKinna***, 208 F.3d 862, 866 (10th Cir. 2000). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. ***See Woodford v. Ngo***, 548

U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." ***Id.*** at 90-91.

The BOP administrative remedy program is available to federal prisoners such as Mr. Redding. ***See*** 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy program allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. ***See*** 28 C.F.R. § 542.14 - 542.15.

The BOP administrative remedy procedure provides that informal resolution attempts must be completed and a formal grievance submitted within twenty days after the date on which the basis for the grievance occurred. ***See*** 28 U.S.C. § 542.14(a). The administrative remedy procedure also provides that a grievance must be submitted to the institution staff member designated to receive grievances, which ordinarily is a correctional counselor. ***See*** 28 C.F.R. § 542.14(c)(4). Finally, the BOP administrative remedy program provides specific deadlines for submitting regional and national appeals. ***See*** 28 C.F.R. § 542.15(a). Extensions of time may be granted to file either a grievance or an appeal if "the inmate demonstrates a valid reason for delay." 28 C.F.R. § 542.14(b). "If the inmate does not receive a response within the time allotted for

reply, including extension, the inmate may consider the absence of a response to be a denial at that level." ***See*** 28 C.F.R. § 542.18. A grievance or appeal may be rejected for failing to comply with the requirements of the administrative remedy procedure. ***See*** 28 C.F.R. § 542.17(a).

Mr. Redding concedes and the record confirms that he has not exhausted BOP administrative remedies prior to initiating the instant lawsuit. Therefore, the application will be denied and the action dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the application is denied and the action dismissed without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention.

DATED at Denver, Colorado, this 21 day of Jan., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02272-BNB

Kelly Redding
Reg. No. 08877-280
FCI - Florence
PO Box 6000
Florence, CO 81226-6000

Mark S. Pestal
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/22/09

GREGORY C. LANGHAM, CLERK

By: ______________________
Deputy Clerk